J. PERES, plaintiff in error, v. A. ENSEL, defendant in error.

### EVIDENCE.   *Written Instrument.*

1. A written instrument not sued on, need not be denied on oath, and cannot be introduced in evidence until its execution is duly proved.

SAME.   *Partnership settlement—Court of Law.*

2. A Court of law will not hear evidence of an error in a partnership settlement.

HAWKINS J., delivered the opinion of the Court:

This suit was commenced by warrant, before a Justice of the Peace of Shelby county.   The Justice rendered a judgment against Peres, the defendant, from which he appealed to the Common Law and Chancery Court for the city of Memphis, in which a trial was had, which resulted in an affirmance of the Justice's judgment, from which, a motion for a new trial having been overruled, Peres has appealed to this Court.   It seems from the record that Joseph Peres, Andrew Ensel, and Jacob J. Peres were partners in trade under the style of Jacob J. Peres & Co., and as such contracted debts ; that a suit was commenced in a court known as the Civil Commission for the District of Memphis, by one of the creditors of the firm to recover a debt due him from the firm, in which he recovered a judgment for $216, amount of his debt and cost, which was afterward paid, and of which Ensel paid $84.08 as his part of the judgment, and now brings this suit to recover the same from Joseph Peres.   It appears that prior to the payment of the money by Ensel the co-partnership was dissolved by mutual consent, and upon the trial Ensel offered in evidence a paper writing purporting to contain the terms upon which

the co-partnership was dissolved, and which purports to have been executed by all the members of the firm, after the dissolution of the co-partnership, for the purpose of showing that Peres had offered to pay the whole debt of which Ensel had been compelled to pay a part, to the reading of which Peres objected; the objection was overruled, and the paper read to the jury, to which Peres excepted. It is now insisted, and we think correctly, that the admission of the same was error. The suit was brought upon an account and not upon the written contract offered in evidence, therefore the defendant was not required to deny upon oath the execution of the paper. To have made the paper competent evidence, proof of its execution was indispensable. None was offered, therefore the judgment must be reversed and a new trial awarded. (1) It is also insisted that the Civil Commission of the District of Memphis, was a tribunal unknown to the law and had no authority to pronounce the judgement upon which the money was paid, and therefore the Court erred in admitting as evidence the record of the same, showing the recovery of the judgment; but in the view we have taken of this case it can make no diffierence, whether the money was paid upon a valid or void judgment. (2) It was a subsisting debt against both, which Peres had become bound to Ensel to pay, and having failed to do so, if Ensel, either voluntarily or

(1) Since the act of 1819, ch. 27, sec. 4 (Code 2909,) the plaintiff is not compelled to prove the execution of any writing which is the foundation of the suit unless the defendant deny its execution on oath. Jones v. Walker, 5 Yerg. 427. In other cases, the execution of the instrument must be proved. Greenl. Ev. § 557.

(2) Judgments of the Civil Commission of the District of Memphis are valid, and a bar to subsequent adjudication. Hefferman v. Porter, 6 Cold.

under compulsion, paid any portion of it, he is entitled to recover the same.   The defendants offered to prove there was a mistake in the settlement of the partnership accounts, which was properly excluded.  (3)

Judgment *reversed* and cause remanded.

(3)  But Chancery will relieve against mistakes in a settlement of a partnership account.   Whitsides v. Lafferty, 3 Humph. 150.