

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Affirmed by C-338

Honorable J. F. Bryan
County Attorney
Angleton, Texas

Dear Sir:

Opinion No. O-1262
Re: In view of Senate Bill No.
402, Acts, Reg. Ses., 46th
Legislature, allowing discounts
for prompt payment of taxes, is
county tax assessor-collector
required to demand and receive
payment of all taxes on the
general tax roll at the same
time, or may state taxes be
paid at one time and county taxes
at another.

By your letter of August 12, 1939, you request of this
Department an opinion upon the following question, which we quote
from your letter:

"Question has arisen in this county as to whether
or not the Tax Assessor of Brazoria County, under the
provisions of Senate Bill No. 402, will have to accept
the State taxes alone and give the discount provided for
in the bill (the County is not going to pass an order
to take advantage of the provisions of this Act), or
whether the Tax Assessor can require the payment of all
the taxes that he collects before he will give a
receipt and make the reduction on the State taxes."

In connection with the above question, you submit your
brief and views thereon, together with copy of a letter from Mr.
Lewis H. Follett, discussing various authorities of this and other
states upon this question. And for the assistance afforded by these
briefs, you have our thanks.

Article 4344, Revised Civil Statutes, Section 2, author-
izes the Comptroller of Public Accounts of the State of Texas to
"adopt such regulations not inconsistent with the Constitution and

Hon. J. P. Bryan, #2

Laws as he may deem essential to the speedy and proper assessment and collection of the revenues of the State."

Section 3 of said Article 4344, Revised Civil Statutes, requires the Comptroller of Public Accounts to "superintend the fiscal concerns of the State as the sole accounting officer thereof, and manage the same in the manner required by law."

Section 10 of Article 4344, Revised Civil Statutes, requires this official to "examine and settle the accounts of all persons indebted to the State and certify the amount or balance to the Treasurer, and direct and superintend the collection of all moneys due the State."

Pursuant to the express statutory warrant above stated, and to avoid interminable confusion in the keeping of accounts and the issuance of receipts by tax assessors-collectors of the various counties of Texas, the Comptroller of Public Accounts promulgated a regulation that all ad valorem taxes appearing upon the general tax rolls such as state, county and common school district taxes, which the tax collecting officials of the county were charged with collecting must, as to any one separately-assessed parcel of land, be paid at the same time. This long-standing regulation of the Comptroller has been, time out of mind, uniformly observed by the tax-collecting officials of various counties, and under such administrative regulation and ruling they have refused to issue receipt for part payment of ad valorem taxes appearing upon the general tax rolls against any separately-assessed tract or parcel of land.

The foregoing regulation made and published by the Comptroller of Public Accounts is not without support in the authorities. In the case of Stuard et ux vs. Thompson, 251 S. W. 277, the Court reviewed the statutes hereinabove quoted, and held that a regulation by the Comptroller thereunder, requiring a county tax collector to refuse a tender of state and county ad valorem taxes without the payment at the same time of the poll tax levied upon the wife, was valid as a reasonable and effective means of forcing payment of such tax, and, not being in conflict with the Constitution and Laws, must be given the effect of legislative enactment.

In the cases of State v. Hoffman, 201 S. W. 652, and Lufkin Land & Lumber Co. v. Noble, 127 S. W. 1093, the Courts of Texas recognized the rights of a tax collector to refuse to accept less than the full amount of taxes assessed. And this Department, under former administrations, has ruled that a county tax collector would not be

Hon. J. P. Bryan, #3.


authorized to accept payment of common school districts ad valorem taxes, or independent school district taxes assessed and collected under Article 2792, Revised Civil Statutes, without payment of the State and county taxes. These departmental rulings were based upon the holding of Stuard vs. Thompson, supra, upholding and recognizing the rule-making authority of the Comptroller of Public Accounts, under Article 4344, (2), Revised Civil Statutes, 1925, in connection with the speedy and proper assessment and collection of the revenues of the State.

We recognize the hardships which might be visited upon the taxpayer by the application of the above discussed rule when such taxpayer elects to pay his state ad valorem taxes under Senate Bill No. 402, Acts, Regular Session, 46th Legislature, in order to receive the discount thereby provided. But we are not prepared to say, in the face of the foregoing administrative and judicial authority, that the Legislature intended by the enactment of the discount statute for prompt payment of taxes, to overturn this authority and upset the time-honored system of tax collections which obtained in this State at the time of the passage of this last cited act, and with which the Legislature is presumed to have been fully cognizant.

The fact that this salutary regulation, promulgated by the Comptroller, under statutory authority, and upheld by the courts and the opinions of this Department, has, in the past, been in the mind of the Legislature, can be demonstrated by a reference to Article 7336e, Vernon's Annotated Civil Statutes, providing as follows:

"Section 1. In cases where common school district taxes and/or independent school district taxes are collectable from the same roll with any other tax, any taxpayer of any common school district or independent school district is authorized to pay one-half or all of said school taxes prior to the payment of any other tax; and upon such payment or tender of payment of one-half or all of such common school district tax and/or any independent school district tax, together with penalty, interest, and costs thereon, if any, such Collector is authorized and directed to receive the same and execute in duplicate a memorandum receipt therefor and deliver one copy to the taxpayer and keep the other as part of the records of his office, and the Tax Collector shall enter the date and amount paid in same memorandum form on the tax roll; and thereafter on full payment of all of the remaining taxes together with interest, penalty and costs, if any, as may be shown to be due on such roll, he shall issue his official tax receipt or certificate of redemption, as the case may be, in the manner provided by law and include therein the amount or amounts formerly paid.

Hon. J. P. Bryan, #4

"Sec. 2. The Tax Collector may in his discretion prepare a separate roll showing the school taxes only, of any common school district or any independent school district as shown on the official tax roll delivered to him by the Assessor and in such event, issue his receipts therefrom of such school tax payments. In the event the Commissioners Court of the County and/or Board of Trustees of the independent school district authorizes in writing prior thereto, the making of such special roll, then they are hereby empowered to contract for necessary expenses therefor not to exceed the actual cost of the stationery and extra additional labor occasioned thereby."

To our mind, this statute stands as a recognition of the rule that ad valorem taxes appearing upon the general tax rolls of a county must be paid in their entirety, and a tax collector of a county is authorized and required to refuse a part payment of such taxes. If the Legislature desired and intended to remove county ad valorem taxes from the operation of this rule, this it could easily have done by the enactment of a statute such as the one above quoted, designed to remove common school district taxes and independent school district taxes on the general rolls from such rule. But we think that Senate Bill No. 402, merely providing for a discount in the prompt payment of taxes, should not, by inference and implication only, effect this result and overturn established precedent and policy.

But we do not hold by this opinion that a property owner does not have the privilege of paying taxes assessed and due upon any specific piece of property owned by him without the payment of taxes due upon any one or more other units of taxable property that he owns. The Supreme Court of Texas in Richey vs. Moor, 249 S. W. 172, and in other decisions, has clearly declared the right of a taxpayer to pay his taxes assessed against one tract or parcel of his property without at the same time paying taxes assessed against other property. But unless otherwise allowed by statute, the taxpayer must pay all of the taxes assessed upon the county tax rolls against this particular piece of property, and such is the extent of our holding here. In fact the case of Richey v. Moor, supra, may be considered as authority for our holding rather than opposed thereto, under the following language:

"While the general rule is that taxes must be paid in full at one time, and, unless otherwise provided by statute, a taxpayer cannot tender a portion of the tax

Hon. J. P. Bryan, #5

and demand a receipt therefor, yet this rule is subject
to some qualification. The citizen always has the right
to pay the amount of any one tax listed against him, or
as held in some jurisdictions, to pay the tax on any one
item or piece of property which has been seperately
assessed, without offering to pay the taxes on other parts.
37 Cyc. pp. 1164, 1165; 27 Amer. & Eng. Ency. of Law, p.
761. The last clause in the statement just made finds
support in the authorities cited in the notes, but in
most instances the statute directly or impliedly permitted
the application of the exceptions to the rule. There are
other exceptions to the general rule which are recognized
in many, if not in all, jurisdictions."

Trusting the foregoing satisfactorily answers your inquiry,
we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Pat M. Neff, Jr.
Assistant

PMN:N

APPROVED SEP 8, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN